IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKIA TUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-935-E |
| | § | |
| KROGER TEXAS LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a premises liability case. *See* Dkt. No. 1. Plaintiff Nakia Tucker sued

Defendant Kroger Texas LP in state court, and Kroger removed the lawsuit to this

Court on the basis of diversity jurisdiction. *See id.*

Kroger has moved the Court to reconsider its order denying Kroger's motion to

strike. *See* Dkt. No. 34.

The motion was referred to the undersigned United States magistrate judge

for hearing, if necessary, and determination under 28 U.S.C. § 636(b) by Chief United

States District Judge Reed O'Connor. *See* Dkt. No. 35.

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of

interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any

order or other decision … [that] does not end the action.'" *Austin v. Kroger Tex., L.P.*,

864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision

for any reason it deems sufficient, even in the absence of new evidence or an

intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere*

*v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), and citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)); *see also Dall. Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) ("'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court,'" which should "determine 'whether reconsideration is necessary under the circumstances.'" (citations omitted)).

Kroger asks the Court to reconsider its motion to strike Tucker's billing record affidavits. *See* Dkt. No. 34; Dkt. No. 10.

Tucker's notice of filing cites only to Texas Rule of Evidence 902(10)(a), which permits certain records to be filed without authentication. *See* TEX. R. EVID. 902(10)(a). Tucker did not cite to any other state or federal rules as the basis of relevance or admissibility for the affidavits. *See* Dkt. No. 10. She states only that "[t]hese records will be offered in evidence at the trial of the captioned cause." *Id.* at 1.

The billing records appear to be filed pursuant to Texas Civil Practices and Remedies Code § 18.001. *See* Dkt. No. 10. Section 18.001 allows plaintiffs in a civil action to submit affidavits from medical providers as damages evidence of the reasonableness and necessity of a plaintiff's medical treatment. *See* TEX. CIV. PRAC. & REM. CODE § 18.001.

Kroger contends that Section 18.001 is inapplicable in federal court and moves

to strike the affidavits on the grounds that they constitute inadmissible hearsay. *See* Dkt. No. 21 at 2. Tucker did not respond to the motion to strike nor to the motion for reconsideration and, so, does not dispute that she filed her billing affidavits pursuant to Section 18.001.

The Court applies substantive state law in diversity cases such as this one, "but state procedural law yields to the applicable Federal Rules." *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019). To determine whether state law is substantive, the Court looks to "the final decisions of the state's highest court." *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). The Texas Supreme Court has held that Section 18.001 affidavits are "purely procedural" matters. *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018); *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

As several decisions by judges of this court demonstrate, the procedure that Tucker has implicitly invoked in filing these affidavits is improper because Section 18.001 is procedural and therefore inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. *See Jones v. QuikTrip Corp.*, 3:19-cv-2671-D, 2020 WL 6149967, at *1 (N.D. Tex. Oct. 20, 2020); *Baird v. Shagdarsuren*, No. 3:17-cv-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019); *see also Newby v. Kroger Co.*, No. 3:19-cv-2510-N, 2020 WL 3963740, at *3 (N.D. Tex. July 11, 2020) ("[T]he Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim,

- 4 -

and that it is not rendered applicable by Federal Rule of Evidence 302.").

And, so, the Court grants Kroger's motion for reconsideration [Dkt. No. 34], sustains Kroger's objection, and strikes Tucker's notice of filing affidavits [Dkt. No. 10].

SO ORDERED.

DATED: May 20, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE